Case number 18-1605, Lerod Butler v. City of Detroit MI et al. Oral argument, 15 minutes per side. Ms. White for the appellate. Good morning, may it please the court. Sherry White on behalf of the defendant's appellants, Officer Rademus Benitez and Sergeant David Meadows. I'm going to begin with Officer Benitez. The district court dismissed all of the claims against Defendant Benitez except the claim relating to a search of the house pursuant to arising from allegedly false statements made in his affidavit denying qualified immunity. So can I just stop and make sure I'm clear about what's before us. So the claim that we still have before us is just based on the alleged falsification of the affidavit. With respect to Officer Benitez, that's correct? Yes. Absolutely. Officer Benitez asserts that he is entitled to qualified immunity on that claim for two reasons. First, plaintiff has failed to show or even allege, it's not even alleged in the complaint, a deliberate falsehood or a reckless disregard for the truth. Secondly, even with any allegedly false statements removed, his affidavit establishes probable cause. Plaintiff asserts two allegedly false statements. First one being that 12011 Bramall was not the target location. And secondly, essentially that suspect number two came to his house. With respect to the target location identification, Officer Benitez testified that this meant that he was near 9542 Burnett. This is, Your Honor, we submit an innocent mistake that does not rise to the level of any deliberately false statement. Officer Benitez also confirmed that Benitez saw the activity at Burnett, is that the name of the street? He saw the activity that was suspicious there, right? On Burnett Street. On Burnett. Or Barnett. Barnett. He was located on Burnett Street, he testified. He saw that activity, then what did he do then? He got an affidavit and got a search warrant, is that right? Ma'am, did you hear me? Did he then submit information to obtain a search warrant? Yeah. And the search warrant was in error, is that right? He indicated there was a mistake with the reference to the Bramall address as the target location. So what is the next thing that the officer did? He followed up on the search warrant and instead of going to the location where he had seen the activity that gave rise to the search warrant, he went to the wrong location and entered there, entered the area there, is that right? The affidavit indicates, Your Honor, the first entry being on October 27, 2015, Officer Benitez was advised by the registered SOI of being at three addresses, 9542 Burnett, 9561 Burnett, and 12011 Bramall. And the last was in error, is that right? No, no, no, no, that's not in error that he was advised that the SOI had been at those three addresses. That's the point here, Your Honor, that is not disputed. Right, so just so I understand, a confidential informant told Officer Benitez, I have been at these three locations, Bramall and the two, eight miles away, and the two locations at Burnett, right? So there, so he's, like Bramall is a relevant address. Absolutely, from the beginning as we stated. And then he's at Burnett and observes the drug activity, or what he suspects to be drug activity, and then follows suspect number two, I think, over to Bramall? Yes, that's on December 9th. But he doesn't see a drug deal take place at Bramall, but he does see somebody go from the one to the other, after the C, confidential informant has told him that Bramall is involved in this activity? And you might note, Your Honor, even plaintiff in his brief does not dispute those last two sentences in that paragraph related to November 9th. Minutes later, the black male exited and drove off in the brown van, Effiant attempted to follow, to the Bramall address. So none of that is disputed. The only thing that's really disputed there is the reference to the Bramall address as the target location. Can you explain to me exactly what happened to make the Bramall address significant for the officer? You follow me? I thought the activity occurred that was suspicious and gave rise to the search warrant, that that activity occurred at Burnett. Isn't that correct, or am I wrong? What happened, if anything happened, at Bramall that gave rise to the issuance of any search warrant? Yes, it did, Your Honor, for two reasons. The first being that the Bramall address was a part of the investigation from the beginning. That is undisputed by anything plaintiff has submitted by way of affidavit. Why was the Bramall address part of the investigation from the beginning? I think that's what Judge Merritt's trying to get. Because it stated that it was. On October 27, 2015, Effiant was advised by the registered SOI of being at all three of these addresses. And that is also confirmed, undisputedly, by Officer Benito's testimony. He says these three addresses were part of one investigation. What was the basis for Bramall being a location that was being investigated? What basis did he have to suspicion based on what? Because all three of these addresses were provided at the outset by the credible and reliable SOI. That's why this is not disputed. But the paragraph that in the affidavit, anyway, is, you know, it's not like the SOI comes. Well, the affidavit does not reveal that the SOI came and said, I've been at these three locations in the last 24 hours, Bramall and the two on Barnett. And I witnessed drugs and guns there, or drug dealing there, or drug trafficking. He just said, I've been at these three places. Well, I've been at a lot of different places in the last 24 hours. You know, I've been at the Westin Hotel, I've been in my courtroom. Okay. The next sentence does say, to observing subject number one, sell cocaine and heroin to other buyers. That's the following sentence. At Barnett. Right? Isn't that what it says? At Barnett. Well, not in that sentence. The next sentence does say, subject number one has been selling cocaine and heroin out of 9542 Barnett for several months. But that doesn't mean that as Officer Benitez testified, the Bramall address was not part of this from the outset, which it was. What was it based on that there was some suspicious activity going on at Bramall? Anything you know of? Is it something that the confidential informant told? That information was provided by the informant. And that is why, again, this is undisputed. It's not disputed by anything plaintiff states in his affidavit. The district court kind of missed that piece of the affidavit. Right? The district court says there's only one reference to Bramall in the affidavit. But that's not right. There are two. The first one is the one that says the confidential informant told me I've been at these three places. He doesn't say much else. I guess we could infer that there was drug dealing at all three places or suspicious activity or drugs would be located at all three places. And maybe that's fair in the context. I'm more interested in what we think in the allegation of falsity. You know, Frank's requires reckless disregard for the truth or deliberate falsehood, not mere negligence. And all the claimant before us is is where the statements in the affidavit. Wrecking reckless disregard of the truth or falsity. Right. That's the only thing. Absolutely. Judge Larson. And we've we've stated from the outset this was at at most it was an innocent mistake of referring to the Bramall addresses, the target location. And in any event, affidavits from to to search all three places. In other words, is this like a sloppy cut and paste job? Is that what happened? He was like trying to do affidavits for this location, this location, this location. And the the the record doesn't reflect how it happened. But but Officer Benitez testified that where he was located was at the nine five four two Bramall address. But and again, this is undisputed that all three of these addresses were part of this investigation from the outset. So there's no he couldn't see eight miles away. So when he says I observed this drug dealing taking place at the target location while I'm sitting on Burnett, I observed drug dealing eight miles away. There's no like super bad x-ray vision kind of. He couldn't have done that. You don't just you don't you aren't claiming that he could see something eight miles away. No. But what we're talking here, as you stated, Judge Larson, is an innocent mistake for which. So that's the thing I'm trying to which he should be should be granted qualified immunity figures out whether it's an innocent mistake or a plaintiff bears the burden. That's the point. And they haven't shown any deliberate falsehood or reckless disregard for the truth. That's plaintiff's burden and they haven't met it. But but in carrying out the search warrant, Benitez goes to Bramall instead of and this is what I need to get my get straight. Why does he then he knows he's not at Burnett. He's somewhere else. And it was at Burnett that he saw the activity that we know or think gave rise to the search warrant. Why does he go ahead and search Bramall instead of saying to himself, wait, wait a minute, I'm at the wrong place here. Follow me. He never said it was the wrong place. It was, as we state, one of the addresses that was involved from from the beginning. But the innocent mistake was referring to that address as the target location. So officer let me see if I understand this. Officer Benitez believes perhaps falsely based on a review of what we might think is probable cause that he has probable cause to search all three locations, Bramall and probably both places at Burnett. He believes that probable cause arises because it's a confidential informant has told him there's drug dealing in all three places. And Benitez himself observed somebody after witnessing a drug deal at Burnett drive over to Bramall. So from if I'm looking at it from his perspective, which I'm not sure I'm supposed to do, but he believes there's probable cause. That's why he searches Bramall and these other two. But the affidavit itself just says a CSI told me I was at Bramall and these two Burnett locations in the last 24 hours. I mean, he might have been at Walgreens or in the morning, too. Like, there's nothing in there that necessarily connects it to drug dealing. But OK, let's say we can make an inference. So what happens after the fact? The execution of the search warrant isn't really in his mind. He has probable cause to go there. Is that the answer you would give to Judge Merritt? But the question for us is what happens? What did he lie when he filled out the affidavit, not when he executed the search warrant? No, he did not. There was at best an innocent mistake in that regard. And even within... No, not right now. Judge Keith? Judge Keith, your red light is on. Yes, it is. Could I very briefly address Sergeant Meadows or does the court... I think we have what we need on Sergeant Meadows. Unless Judge Keith has some questions. Judge Keith, do you have any questions for counsel? No, no, no. OK, thank you. Thank you. Good morning, Your Honors. May it please the court, David Robinson appearing on behalf of Mr. Leroy Butler. The questions that this panel has asked have obviously all been very, very germane and critical to the questions that are before this panel. The last question, Your Honor, that you alluded to, I think, was whether or not Mr. Benitez lied when he filled out the search warrant. And that clearly is critical to the questions that this panel has asked previous. Opposing counsel says he didn't lie because he, although he did not, I take it, himself observe anything suspicious going on on Bramall from the informant got information that was in addition to what he knew about Barnett that the Bramall location was also a location for drugs, right? I think that was... the search at Bramall, which turned out to be, you know, not correct. Your Honor, as I read the search warrant, there is not one iota of assertion that there was any drug activity that was happening at Bramall. It starts out, the warrant starts out saying that, yes. Yes, but do you agree that Officer Benitez got information that was reasonably worth investigating or considering? Absolutely not. I disagree with that 100%. He didn't get anything from any informant, you're saying? All he got, according to the affidavit, is that the SOI 3069 had been to three addresses. Didn't say what was occurring at any of those addresses. That's all the affidavit says. Then it goes into the next paragraph that talks about everything concentrates on the Barnett two addresses. And then the SOI, in my opinion, hangs himself when he goes on further to say that and Judge Merritt, you raised the point, and Judge Larson, you raised the point as well, that he sees drug activity on Barnett as he admits to being on Barnett in surveillance for 30 minutes or so, and he sees activity at the target location. Well, we know by the references to target in the search warrant that target location could only refer to the Bramall address, not to the Barnett address. The search warrant was sworn out for the Bramall address. If he got information from an informant that there was also drug activity at the Bramall address, which is the so-called target address, if he had information that there was drug activity going on there, at least he had some basis for going forward with the search, right? And respectfully, Your Honor, again, the SOI did not say that there was drug activity going on at the Bramall address. He just said that in the last 24 hours he had been to those three addresses. I mean, as a matter of good writing, this affidavit fails. It fails my English class, but I'm not sure that's what I'm supposed to grade the officer on. So the affidavit says, on 10-27-2015, a fient was advised by the registered SOI of being at the two addresses on Barnett and Bramall within the last 24 hours and numerous times in the past. Well, that alone is not enough. That's like I was at the Westin Hotel. I am in my courtroom. Oh, so who cares? Period. Capital. To observing subject number one, describe subject number one, sell cocaine and heroin to other buyers. Well, that's not a sentence, so it fails my English class. But if we added that all together, it might say, on 10-27, a fient was advised by the registered SOI of being at the two locations on Barnett and Bramall within the last 24 hours and numerous times in the past. Take out the two. Observing subject number one, sell cocaine and heroin to other buyers. If it says that, then Bramall is really relevant. As it is written, it doesn't make sense. It's a to observing subject number one, sell cocaine and heroin to other buyers, period, is not a sentence. So I don't know what to make of that. I don't think I'm supposed to grade his grammar. If I read those two things as one sentence, I would say there's a real problem at Bramall. So what do I do with that? I'm not the English teacher. Respectfully, Your Honor, you would go to the next page, and you would say, as Mr. Benitez did in this affidavit, that on November 9, 2015, the fient sat near 95-42 in undercover capacity for approximately 30 minutes. Appiant observed the above-mentioned dot, dot, dot, dot, dot in front of the target location. Stopped there for two seconds because the target location, again, refers to Bramall, which is eight miles away. It's impossible that he could have sat for 30 minutes at 95-42 in an undercover capacity and see all of this activity that comes and is described later happening on Bramall. That is impossible. He absolutely conceded that nobody can see for eight miles. And so it gets worse, because then the question comes back, did he lie? So how do we know he lied? How can we prove he lied? That's the critical thing we've got to keep our eyes on. Because if you go to the bottom of the search warrant, it's dated. It's dated December 30, 2015. All the other averments in the timeline that's created starts, Your Honor, on October 27, 2015. So from the averments by this Appiant and this affidavit where he sees this drug activity that he asserts occurred at Bramall, which we know is impossible, he meets with the magistrate December 30, more than two months later. On November 9, the mid-period between that October and the December, he literally drives from Burnett eight miles to the Bramall address. So, Your Honor, he knows on November 9 that what he asserted earlier is impossible, that he saw drug activity on Bramall while he was at Burnett. Again, it gets worse, because when he— I mean, he's swearing out this whole affidavit on December 30, recording this happened on this day, this happened on this day. Well, what's important, Your Honor, is this. Again, he presents himself before the magistrate, literally, at 36th District Court. He's asked to be sworn in by the magistrate, and he has to relate, as it were, to the magistrate the same facts and the truth of those facts before the magistrate even endorsed the search warrant. And that's literally where he is. But he knows better. He knows better that his observations on the 9th could not have been as he alleges in the warrant. I think you would have a stronger case for a deliberate falsehood or reckless disregard of the truth, which is what you have to show. If he had used the addresses each time, the fact that he says, Bramall, Perrin, target location, and then repeats target location, if he had instead said Bramall and then said Bramall later, I might think, oh, well, obviously he can't see eight miles away. The question is, should we infer that when he says target location the first time and then he says target location another time, he's just confused about what he's written paragraphs earlier about what's the target location, because he's using a shorthand. I mean, Franks tells us we can't hold him liable unless there's a lie or reckless disregard for the truth. And if it's just negligence or an innocent mistake, we're supposed to let that go. So I don't know how I tell the difference in an affidavit, and I'd like you to help me with that. He's been a police officer for 18 years. He's been working narcotics section for nine years. He certainly knows the difference between the Burnett Street and the Bramall Street. And he knows that it's eight miles away. He knows when he averts in the affidavit for the November 9th statement that he could not have seen drug activity going on on the Bramall address and the Burnett address at the same time during those 30 minutes. So this is guilty knowledge, as it were, on December 30th when he goes before the magistrate and he tells the magistrate, on November 9th, 2015, I was at— But does he say Bramall, or does he say I was at the target location? The only way that it can be interpreted, Your Honor, is that by his own, you know, his script. He's the one that calls Bramall the target location. But let me just take one other leap here, because I think legally, Your Honor, the controlling case is from this circuit, and that's Hill v. McIntyre. And this court held that as against McIntyre, the Hills attacked the very validity of the warrant on which their house was searched. And action under section 1983 does lie against an officer who obtains an invalid search warrant by making in his affidavit material false statements either knowingly or in reckless disregard for the truth. So reckless disregard for the truth, I think, at a minimum, is the standard we meet. But it goes on in McIntyre. It says, while the court is necessarily a fact-finder in a Frank's suppression hearing preliminary to a criminal trial, in a section 1983 action, fact-finding under the Frank standard is the province of the jury. Indeed, in a recent section 1983 case, our circuit has held that the question whether the judicial officer issuing the warrant would have done so even without the knowingly or recklessly false statement as one for the jury. It was remanded. But if that's right, so I understand that reading of Hill, but if that reading of Hill, if your reading of Hill is correct, I think what you're saying is no officer can, if there's an inaccuracy in a warrant, so there's something, could be a mistake, could be a lie, it's something inaccurate. An officer can never get qualified immunity because it's always a jury question. So if there's a transposition of numbers and you would think, oh, you know, he wrote 1, 2, 3, 4 here, and then he transposes 1 and 2 somewhere else, it always goes to the jury because it could be a lie. In this case, we've got too many other attenuated questions that are in the body of the search warrant. Like what? What helps me get from mistake to lie? In your honor, guilty knowledge on the part of Benitez. He's an officer who's been there for 18 years. He's been working narcotics for nine years. It's an officer that has to know the difference between Burnett and Bramall. He has to know the difference that when he testified in front of the magistrate to seeing drug activity for 30 minutes on Burnett, he could not have been seeing the same activity on Bramall. When he follows, furthermore, later on, number two in the brown van to go to, actually to the Bramall address, which is eight miles away, he still doesn't see any drug activity. He sees the man number two go in the house and come out of the house in Bramall. Furthermore, we've got Mr. Butler that has sworn that nobody came to his house on that day, and it's his house. When they get in his house, they don't find drugs. I mean, so it all, you know, I'll use the word in the totality of the circumstances. Is there some reason why we think, like in some of the cases that come from other circuits, there's been a motive, like the officer, we think he lied because he's made a threat before, like I'm going to get you, Mr. Butler, or something like that. Is there any reason to think he just... Again, I don't think it has to be necessary.  These assertions are too attenuated. Can you, if what we've got here is just completely sloppy police work? I don't think it's sloppy police work. I think, unfortunately, it is, again, too attenuated with regard to the specificity of what Mr. Binney did. Do you agree that it is just sloppy police work that you can't prevail? Do you agree that if that's the interpretation of the situation, sloppy police work, it just went in anyway, you agree that you can't prevail because it doesn't come within the standard of purposeful, you know, activity or reckless disregard, whatever? Again, Judge Merritt, it is my contention that it is at a minimum, it meets the standard of reckless disregard for the truth. The facts are too attenuated, as asserted in this affidavit, and at a minimum, Hill versus McIntyre must kick in. It isn't a question of innocence as a matter of law. Sloppy police work or reckless disregard of the truth, that's what we've got to decide? Is that what we have to? I'm saying, Your Honor, that that should be left to the jury. What? I'm saying that that question should be left to the jury, Your Honor. Okay, thank you. Judge Keith, do you have any questions for counsel? Not at all. All right, thank you. Thank you. Roboto? Very briefly, thank you. Plaintiff states that this should be left to the jury. Under the Frank's analysis, no, Officer Benitez is entitled to qualified immunity. Under Frank's, plaintiff has to make a substantial preliminary showing that a false statement was made knowingly or intentionally or with reckless disregard. They have not made that showing that it's their burden to make. It's got to be more than conclusory. We would agree that what we have to decide here is whether this is just sloppy police work or reckless disregard of the truth. We've got to decide that issue. Yes. The issue is, has plaintiff made that showing, which is their burden to make? They have not. What would be a sufficient showing? I'm wondering how a plaintiff, on his theory, I think a plaintiff always gets to a jury, and on your theory, I'm wondering whether a plaintiff never gets to a jury. What would get somebody to a jury on your theory? Some showing that it was more than just inadvertent. Here, everything shows that the reference to the target location, which is the main point we're talking about here, was a mistake. Officer Benitez's own testimony, which is unrefuted, says, yes, I was on Burnett, but all three of these addresses were involved right from the beginning, which establishes probable cause really right from the beginning. We've talked about that next sentence. Again, maybe wouldn't score an A on an English exam, as you've stated, Judge Larson, but none of those things are disputed here, is the point. Then what also is not disputed is that he actually did, that Officer Benitez actually drove to the Brumell address on November 9th. There's some drug activity there. He saw a guy get out of his car and go in the house. And then he exited and drove off, and he attempted to file without success. Again, this address is not wrong, as Mr. Robinson stated at the outset of his argument. He also tries to add things, too. What do you mean when you say this address is not wrong? I believe Mr. Robinson said right at the outset of his argument that the Brumell address was not correct, and that just isn't true. In some ways, it's not correct. It's not correct that he sat at Burnett and saw drug activity at Brumell, which is what the affidavit says if Brumell means target location. The affidavit says, I'm sitting at Burnett. I saw drug activity eight miles away. Unless he's Clark Kent, that's not true. So the question is, but he uses target location, so the question is, is that a mistake or a lie? It was a mistake, as Officer Benitez testified. Plaintiff also tries to add things. In other words, trying to add the address of 9542 Burnett as the target location. We've heard your case, and we thank you for your argument. Judge Merritt, I mean Judge Keith, any questions? No, okay. Thank you very much, both of you, for your arguments, and the case is submitted. I'd like to adjourn court.